UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ASUNJI R. MADDOX,

                Plaintiff,

-against-

CAROL ANN JORDAN (MAGISTRATE),
NEW ROCHELLE FAMILY COURT
WESTCHESTER COUNTY NEW YORK
STATE,

                Defendant.

24-CV-00925 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff Asunji R. Maddox, who is appearing *pro se*, filed this action under the Court's federal question jurisdiction, alleging that a New Rochelle Family Court judge violated his federally protected rights. By order dated February 9, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the following reasons, the Court dismisses the complaint.

## STANDARD OF REVIEW

    The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

    While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

The following facts are drawn from the complaint. Plaintiff has been on public assistance since 2016. (ECF 1 ¶ III.) In November 2019, Plaintiff filed a petition in the New York Family Court, Westchester County, seeking a reduction in his child support obligation. Defendant Family Court Support Magistrate Carol Ann Jordan was "very hostile" towards Plaintiff; she refused to "accept any of [his] documents," "threw out" his petition, and "proceeded with a violation hearing," which led to him being "wrongfully incarcerated in February 2020. (*Id.*) Although the "Respondent" in the child support matter did not appear for three court dates, Defendant issued "a decision for the Respondent." On April 26, 2023, Plaintiff filed another petition to reduce his child support obligation. At a subsequent hearing, Plaintiff requested

2

counsel, and Defendant "started to rant" about Plaintiff's "failure to comply and threatening incarceration." (*Id.*) According to Plaintiff, Defendant has "refuse[d] to be impartial and unbiased[ed]" (*Id.*) Plaintiff seeks between $750,000 and $1 million in damages. (*Id.* ¶ IV.)

## DISCUSSION

**A.   Judicial immunity**

Judges are absolutely immune from suit for damages for any actions taken within the scope of their judicial responsibilities. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Judges are also immune from claims for injunctive relief based on actions taken in their judicial capacities, "unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983. Generally, "acts arising out of, or related to, individual cases before the judge are considered judicial in nature." *Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009). "A court's control of its docket is . . . a judicial act because it is part of a court's function of resolving disputes between parties." *Huminski v. Corsones*, 396 F.3d 53, 76 (2d Cir. 2005) "Even allegations of bad faith or malice cannot overcome judicial immunity." *Bliven*, 579 F.3d at 209 (citations omitted). This is because, "[w]ithout insulation from liability, judges would be subject to harassment and intimidation . . . ." *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994).

Judicial immunity does not apply when the judge takes action "outside" her judicial capacity, or when the judge takes action that, although judicial in nature, is taken "in absence of jurisdiction." *Mireles,* 502 U.S. at 9-10; *see also Bliven,* 579 F.3d at 209-10 (describing actions that are judicial in nature). But "the scope of [a] judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." *Stump v. Sparkman,* 435 U.S. 349, 356 (1978).

New York Family Court Support Magistrates, as New York State judicial officers, enjoy this judicial immunity, when presiding over child support proceedings. *See Acre v. Turnbull*, No. 21-642, 2021 WL 5816687 (2d Cir. Dec. 8, 2021) (summary order); *Chris H. v. New York*, 764

F. App'x 53, 55 (2d Cir. 2019) (summary order); *Legister v. Radowitz*, No. 20-CV-9330 (LLS), 2020 WL 7405672, at *5 (S.D.N.Y. Dec. 16, 2020); *Charles v. Lopez*, No. 19-CV-8706 (CM), 2019 WL 5261154, at *2 (S.D.N.Y. Oct. 15, 2019); *Roger of the Fam. Forest v. 45 C.F.R. § 75.2 IV-D Contractor Steve Banks*, No. 18-CV-10866 (CM), 2019 WL 4194332, at *4 (S.D.N.Y. Aug. 30, 2019) (collecting other district court cases within the Second Circuit).

Plaintiff alleges that his constitutional rights were violated because the judge has been hostile towards him, and issued decisions that were adverse to him and which led to his incarceration. Plaintiff, however, fails to allege any facts showing that, in presiding over Plaintiff's child support proceedings and issuing orders, Defendant acted beyond the scope of her judicial responsibilities or outside her jurisdiction. *See Mireles*, 509 U.S. at 11-12.

To the extent Plaintiff seeks injunctive relief, he does not allege facts suggesting that a declaratory decree was violated or that declaratory relief was unavailable. Declaratory relief against a judge for actions taken within her judicial capacity is ordinarily available by appealing the judge's order. *See Salem v. Paroli*, 260 B.R. 246, 254 (S.D.N.Y. 2001) (dismissing Section 1983 claim for injunctive relief because declaratory relief was available through an appeal in state court); *LeDuc v. Tilley*, No. 3:05-CV-0157 (MRK), 2005 WL 1475334, at *7 (D. Conn. June 22, 2005) (same). Here, the remedy that is available to Plaintiff is to appeal within the state court system, rather than filing an action in federal court. Plaintiff has alleged no facts suggesting that he was unable to appeal any decision made by Defendant. Because Plaintiff has not alleged facts suggesting that the judge violated a declaratory decree or that declaratory relief was unavailable, Section 1983 precludes any award of injunctive relief against this defendant.

B.  **The *Younger* doctrine**

If Plaintiff's child support proceedings are pending in the Family Court, this Court may not intervene in them. In *Younger v. Harris*, 401 U.S. 37 (1971), the Supreme Court of the United States held that a federal court may not enjoin a pending state criminal proceeding in the absence of special circumstances suggesting bad faith, harassment, or irreparable injury that is both serious and immediate. *See Gibson v. Berryhill*, 411 U.S. 564, 573-74 (1973) (citing *Younger*, 404 U.S. 37). Application of the *Younger* abstention doctrine has been extended to the three following categories of state court proceedings: (1) state criminal prosecutions; (2) civil enforcement proceedings that are "akin to criminal prosecutions"; and (3) civil proceedings "that implicate a State's interest in enforcing the orders and judgments of its courts." *Sprint Commc'n, Inc. v. Jacobs*, 571 U.S. 69, 72-73 (2013) ("*Sprint*"). Courts have held that pending state child support proceedings involve at least one of the circumstances mentioned in *Sprint* in which the *Younger* abstention doctrine should be applied. *See Francis v. Dep't of Soc. Servs.*, No. 22-CV-6860 (DSS), 2023 WL 5096145, at *4 (E.D.N.Y. Aug. 9, 2023) ("The merits of that appeal – challenging both the Family Court order and Francis's need to exhaust administrative remedies through [the Department of Social Services] – implicate New York's state interest in managing and enforcing child support payments."); *Perso v. Perso*, No. 19-CV-2858 (JMA) (SIL), 2019 WL 4415399, at *3 (E.D.N.Y. Sept. 13, 2019) (same as to ongoing divorce and child support proceedings); *Tomczyk v. N.Y. Unified Court Sys.*, No. 19-CV-2753 (JS) (AYS), 2019 WL 2437849, at *3 (E.D.N.Y. June 10, 2019) (same); *Bowman v. Morris*, No. 8:19-CV-0097 (BKS/DJS), 2019 WL 5150196, at *6 (N.D.N.Y. Apr. 10, 2019) ("[T]o the extent that the child support issues are continuing in Family Court, the Court should abstain from interfering with that process."), *report & recommendation adopted*, 2019 WL 3759174 (N.D.N.Y. Aug. 9, 2019);

*Gravagna v. Eisenpress*, No. 19-CV-0700 (CM), 2019 WL 1469289, at *2 (S.D.N.Y. Apr. 2, 2019) ("[T]his Court must abstain under *Younger* from interfering in Plaintiff's ongoing state-court proceedings[] involving . . . child support issues and 'implicat[ing] a State's interest in enforcing the orders and judgments of its courts.'" (citation and second alteration omitted)); *Brock v. City of New York*, No. 19-CV-0957 (BMC) (RML), 2019 WL 438356, at *3 (E.D.N.Y. Feb. 4, 2019) (applying *Younger* abstention to a claim in which the plaintiff asked the federal district court "to enjoin [a New York City official] from continuing to prosecute [the plaintiff's] child support obligations in New York family court" because "actions to enforce child support orders implicate important state interests").

Plaintiff has not alleged any facts showing bad faith, harassment, or irreparable injury that is both serious and immediate has occurred with respect to his child support proceedings that may be pending in the New Rochelle Family Court. Thus, to the extent that Plaintiff asks this Court to intervene in those pending proceedings, the Court dismisses his claims under the *Younger* abstention doctrine.

C.  The *Rooker-Feldman* doctrine

To the extent that Plaintiff asks this Court to overturn a final order or judgment issued in his concluded child support proceedings in the Family Court, the *Rooker-Feldman* doctrine requires the dismissal of his claims for such relief. Under the *Rooker-Feldman* doctrine, a federal district court lacks authority to review a final state court order or judgment where a litigant seeks relief that invites the federal district court to reject or overturn such a final state court order or judgment. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 291-92 (2005); *see also Verizon Md., Inc. v. Pub. Serv. Comm'n*, 535 U.S. 635, 644 n.3 (2002) ("The *Rooker-Feldman* doctrine . . . recognizes that 28 U.S.C. § 1331[,] [the statute granting federal district

courts federal question jurisdiction,] is a grant of original jurisdiction, and does not authorize district courts to exercise appellate jurisdiction over state-court judgments. . . ."); *Dorce v. City of New York*, 2 F.4th 82, 101 (2d Cir. 2021) (The *Rooker-Feldman* doctrine "bars federal district courts from hearing cases that in effect are appeals from state court judgments, because the Supreme Court [of the United States] is the only federal court with jurisdiction over such cases." (citing 28 U.S.C. § 1257)); *Kropelnicki v. Siegel*, 290 F.3d 118, 128 (2d Cir. 2002) ("The [*Rooker-Feldman*] doctrine reflects the principle set forth in 28 U.S.C. § 1257 that the Supreme Court [of the United States] is the only federal court that has jurisdiction to review state court judgments, unless otherwise provided by Congress, *see, e.g.*, 28 U.S.C. § 2254 (habeas corpus review)." (citation omitted)). The *Rooker-Feldman* doctrine "precludes a United States district court from exercising subject-matter jurisdiction." *Exxon Mobil Corp.*, 544 U.S. at 291. This applies to cases in which a litigant seeks relief that invites a federal district court to reject or overturn a final decision of a New York Family Court as to a child support dispute brought in that state court. *See, e.g.*, *Legister*, 2020 WL 7405672, at *3 ("A plaintiff's challenge in a federal district court to 'the validity or enforcement of [a] child support order itself' is barred by the *Rooker-Feldman* doctrine." (quoting *Sykes v. Bank of Am.*, 723 F.3d 399, 404 (2d Cir. 2013))).

District court review of claims is barred under the *Rooker-Feldman* doctrine when four requirements are met: (1) the litigant lost in state court; (2) the litigant complains of injuries caused by a final state court order or judgment; (3) the litigant invites district court review and rejection of the final state court order or judgment; and (4) the final state court order or judgment was rendered before the district court proceedings commenced. *Dorce*, 2 F.4th at 101 (internal quotation marks and citation omitted).

Inasmuch as Plaintiff criticizes any final child support decision of the Family Court, in an effort to request that this Court overturn that final decision, the *Rooker-Feldman* doctrine bars this Court from granting Plaintiff such relief. The Court therefore dismisses any claims that essentially challenge a final decision of the Family Court, arising from Plaintiff's concluded child support proceedings in that court, for lack of subject matter jurisdiction.[1] *See* Fed. R. Civ. P. 12(h)(3); *Exxon Mobil Corp.*, 544 U.S. at 291.

D.   **Leave to Amend**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988).

---

[1] In addition, In 1990, in *American Airlines, Inc. v. Block*, the United States Court of Appeals for the Second Circuit instructed federal district courts to abstain from exercising federal question jurisdiction of claims involving domestic relations issues, so long as those claims could be fully and fairly determined in the state courts. *See* 905 F.2d 12, 14 (2d Cir. 1990). For example, a federal district court should abstain from exercising its federal question jurisdiction of claims in which it is "asked to grant a divorce or annulment, determine support payments, or award custody of a child." *Id.* (internal quotation marks and citation omitted). Two years after the Second Circuit issued its decision in *American Airlines*, the Supreme Court of the United States held, in *Ankenbrandt v. Richards*, that a previously recognized exception to the federal district courts' subject matter jurisdiction "divests the federal courts of power to issue divorce, alimony, and child custody decrees" in actions brought under a federal district court's diversity jurisdiction. 504 U.S. 689, 703 (1992); *see id.* at 705 (allowing for the possibility that such an exception to jurisdiction could be extended to "elements of the domestic relationship even when the parties do not seek divorce, alimony, or child custody"); *see also Donohue v. Pataki*, 28 F. App'x 59, 60 (2d Cir. 2002) (summary order) ("We agree with the district court's conclusion that it lacked jurisdiction to invalidate or otherwise review the state court's decision affirming the modification of Donohue's child support payments." (citing, *inter alia*, *Ankenbrandt*, 504 U.S. at 703)). More recently, the Second Circuit, in *Deem v. DiMella-Deem*, held that regardless of the Supreme Court's holding in *Ankenbrandt*, its own previous holding in *American Airlines* remains good law. 941 F.3d 618, 621 (2d Cir. 2019). Thus, notwithstanding whether this Court is considering this action under its original federal question or diversity jurisdiction, it must either abstain from considering, or lacks subject matter jurisdiction to consider, any request by Plaintiff to issue a decision determining whether he owes child support.

Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

## CONCLUSION

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed as frivolous, for failure to state a claim, and on immunity grounds, 28 U.S.C. § 1915(e)(2)(B)(i)-(iii) and for lack of subject matter jurisdiction, Fed. R. Civ. P. 12(h)(3).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to enter a judgment dismissing this action for the reasons set forth in this order.

SO ORDERED.

Dated:   April 22, 2024
           New York, New York

                                          /s/ Laura Taylor Swain
                                          LAURA TAYLOR SWAIN
                                          Chief United States District Judge